# UNITED STATES DISTRICT COURT

for the
### Western District of Kentucky
### Louisville Division

Edith Jones )
      *Plaintiff* )
           )
v. )     Case No. `3:15-CV-379-JHM`
           )
Cavalry SPV I, LLC )
      *Defendant* )
Serve: )
       CT Corporation System )
       306 W. Main Street, Suite 512 )
       Frankfort, KY 40601 )
           )

## CLASS ACTION COMPLAINT
## and DEMAND FOR JURY TRIAL

### INTRODUCTION

1.    This is an action by consumer Edith Jones ("Jones") seeking injunctive relief, actual damages, and statutory damages for herself and on behalf of all similarly-situated Kentucky citizens against Cavalry SPV I, LLC's ("Cavalry") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

2.    Cavalry filed suit against Ms. Jones on February 23, 2015 in Jefferson County, Kentucky in an attempt to collect a debt on a credit card account originated and allegedly owed to GE Capital Retail Bank ("GECRB") via a Dillard Department Store account (the "Account").

3.    In support of the complaint's allegations and representations to Ms. Jones, Cavalry intentionally and knowingly attached, served, and filed of record an inapplicable credit card agreement which purported to be the credit card agreement between Ms. Jones, Dillards and the

original credit underwriter, GECRB.

4.   Cavalry's complaint was also filed outside of the applicable statute of limitations.

5.   These acts by Cavalry as set out *supra* violate the FDCPA pursuant to 15 U.S.C. § 1692e and e(10) by making a false, deceptive or misleading representation in connection with the collection of a debt; and pursuant to § 1692e(5) in taking or threatening to take an action that cannot legally be taken; and pursuant to § 1692f(1) by Cavalry's use of unfair or unconscionable means to collect a consumer debt.

6.   Jones seeks statutory damages, actual damages, declaratory and injunctive relief both individually and on behalf of a proposed class of all similarly-situated Kentucky citizens.

## JURISDICTION

7.   This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2201, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

8.   Jones is a natural person who resides in Jefferson County, Kentucky and a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

9.   Defendant Cavalry is a foreign corporation, which has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Cavalry's principal place of business is located at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595.

10.   Cavalry is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTS

## COUNT I

**I.      False Representation As To Applicability Of Credit Agreement.**

11.      On February 23, 2015, Cavalry filed a complaint in the District Court of Jefferson County, Kentucky (the "State Court Lawsuit") against Ms. Jones under case number 15-C-001892 in an attempt to collect an alleged account debt originally claimed owed to GE Capital Retail Bank ("GECRB"). A copy of the complaint is attached hereto as Exhibit "A."

12.      As alleged by the State Court Lawsuit complaint the GECRB account was a store credit account for use at Dillard's department store chain.  The Account was used exclusively for personal, family, and household purposes, making the debt developed on the Account underwritten by GECRB a "debt" within the meaning of the FDCPA.

13.      In support of its allegations in the State Court Lawsuit complaint, Cavalry intentionally and knowingly attached, served Ms. Jones and filed of record as an exhibit a inapplicable "GE Money Bank CareCredit Card Agreement" (the "Inapplicable Agreement") which it alleged was the agreement between Ms. Jones and GECRB that provides the terms and conditions between the parties. A copy of the Inapplicable Agreement is attached hereto as Exhibit "B."

14.      Paragraph 1 of the Inapplicable Agreement states: "This Agreement governs your CareCredit credit card account referenced on the document received with your Card or on your welcome letter." The remainder of the Inapplicable Agreement refers *passim* to a "CareCredit" account.

15.      CareCredit accounts were "issued and marketed" by GE Capital Retail Bank "primarily for health-care services, including dental, veterinarian, cosmetic, vision, and

audiology services, that may be used by consumers only with" health-care providers who enrolled in a contract with GE Capital Retail Bank.[1]

16.     Ms. Jones's Dillards Account was not issued subject to, or contractually governed by the Inapplicable Agreement and the Inapplicable Agreement attached to and filed as an exhibit to Cavalry's State Court Lawsuit complaint does not apply to Ms. Jones's Dillards Account as alleged.

17.     Cavalry engages in a pattern and practice of filing inapplicable credit card agreements in litigating claims. See e.g. the following:

a. *Billy Caudill v. Cavalry SPV I, LLC* et al., Case No. 5:14-cv-00032-ART (E.D. Ky) (Cavalry served and filed a motion to compel arbitration of plaintiff's claims arising out of Cavalry's attempt to collect a GECRB debt relating to a Lowe's store credit account and therewith also filed *the same* CareCredit agreement as is alleged in this action and the State Court Lawsuit against Ms. Jones; Cavalry amended its motion and filed a new agreement, citing "administrative error," after counsel for plaintiff pointed out the inappropriateness of the CareCredit agreement);

b. *Cavalry SPV I v. Greg Raley, Jr.*, Jefferson Circuit Court, Jefferson County, Kentucky, Case No. 15-CI-00913 (Cavalry served and filed *the same* CareCredit agreement as in this action and the State Court Lawsuit against Ms. Jones, in support of a claim allegedly related to a GECRB/Dillard's account as an exhibit to its complaint *and* in support of a motion to compel arbitration.   When defense counsel objected that the CareCredit agreement was inapplicable Cavalry then filed a different credit card agreement as an exhibit to an amended motion to compel arbitration).

---

[1] "Consent Order in the Matter of GE Capital Retail Bank, Care Credit LLC," Consumer Financial Protection Bureau, File No. 2013-CFPB-0009, December 10, 2013, at *2.

The relevant pleadings from these cases are attached hereto as Exhibits "C" and "D" respectively.

18.     Cavalry's serving and filing of the Inapplicable Agreement in this action and inapplicable credit card agreements in many other actions intentional, knowing, and part of a pattern and practice of serving and filing such inapplicable agreements to pass muster with the courts.

19.     Cavalry in like fashion has intentionally and knowingly served and filed such inapplicable credit card agreements in numerous lawsuits against consumers in courts in the state of Kentucky and in other states.

20.     By its intentional and knowing conduct of communicating, serving and filing the Inapplicable Agreement in the State Court Law Suit as alleged in this action and in numerous other lawsuits against consumers in Kentucky and other states Cavalry is in violation of the FDCPA as alleged *supra.*

## COUNT II

**II.     Filing a Lawsuit Against Ms. Jones to Collect a Debt Outside the Statute of Limitations**

21.     Plaintiff Jones restates, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 20 above.

22.     As alleged by Defendant Cavalry SPV I in its State Court Lawsuit, the GECRB credit account debt was assigned to Cavalry and is the basis of Cavalry's claims in the State Court Lawsuit.

23.     The GECRB credit account went into default no later than September 1, 2010 and therefore GECRB's claim against Plaintiff accrued no later than September 1, 2010, when the account went into default.

24.     GECRB was at all relevant times a savings association whose principal place of business was located in Utah.

25.     Utah law requires that a lawsuit to collect a credit card debt must be commenced within four years of the date the claim accrues. Utah Code 78B-2-407.

26.     Pursuant to Kentucky's borrowing statute, KRS 413.320, the Utah statute of limitations applies to GECRB's claim.

27.     Cavalry claims to be the assignee of GECRB's claim against Ms. Jones and filed its complaint in the State Court Lawsuit on February 23, 2015, more than four (4) years after the alleged claim accrued.

## CLASS ALLEGATIONS

28.     Edith Jones brings this action on behalf of herself individually and as a proposed class action on behalf of members of a proposed class of persons similarly situated, comprised of the following persons:

**Class:** All consumers against whom Cavalry SPV I, LLC ("Cavalry") or its agents, employees, or representatives, within one year of the date of filing this complaint, communicated in any manner including serving or filing a lawsuit in any court of competent jurisdiction in any state of the United States in which it:

(a) Represented to a consumer by communicating, serving or filing in a lawsuit a credit card agreement in support of its allegations against the consumer where said credit card agreement was inapplicable to the debt Cavalry was attempting to collect from the consumer.

29.     This action seeks the maximum statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2), on her own behalf individually and on behalf of the proposed class members of the

proposed class action for Cavalry's violations of the FDCPA.

30.     Jones as the proposed class action named plaintiff seeks injunctive relief from this Court on behalf of herself and all those similarly situated enjoining Cavalry's from such conduct in representing in any manner, whether by communication, serving, or filing as part of a law suit an inapplicable credit card agreement in support of its allegations, as set out *supra,* violate the FDCPA.

31.     The proposed class as set out *supra* that would be represented by proposed class action named plaintiff Edith Jones in this action, and of which she herself is a member, consists of those similarly situated persons as defined *supra*, and is so numerous that joinder of individual members is impracticable.

32.     Jones's claims are typical of the claims of the Class as set out *supra*.

33.     There are common questions of law and fact between the proposed class members that relate to and affect the rights of each member of the proposed class, and the relief sought is common to each member of the class.  In particular, the members of the proposed class have a common issue of law, i.e. : whether the actions of Cavalry in representing by communications, serving or filing lawsuits against them in an attempt to collect a debt violates the FDCPA.

34.     There is no known conflict between Jones and any other members of the proposed class with respect to this action, or with respect to the claims for relief sought.

35.     Jones as proposed named plaintiff in the proposed class action would be a suitable representative party for the proposed class members as she is able to, and will fairly and adequately protect, the interests of the proposed class members.

36.     Proposed class action named plaintiff Jones's attorneys' are experienced and capable in the field of consumer rights, including FDCPA violations.

37. Proposed class action named plaintiff Jones's attorneys have successfully represented other claimants in similar class action litigation.

38. The action is properly maintained as a class action in that the prosecution of separate actions by individual members of the proposed class would create a risk of individual adjudications that could, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interest.

39. This action is properly maintained as a class action because the prosecution of separate actions by individual members of the proposed class would create a risk of varying individual adjudications that could establish incompatible standards of conduct for Cavalry.

40. This action is properly maintained as a class action inasmuch as:

A. the questions of law and fact common to the proposed class members predominate over any questions affecting only individual members;

B. a class action is superior to other methods of adjudication of the common claims of the proposed class in that it is the most efficient way to address such common claims;

C. the relief sought by all members of the proposed class will be effective, and appropriate, for each member of the proposed class;

D. all members of the proposed class have the same right to damages or other relief that can be readily computed or otherwise readily determined.

41. The identity of each individual member of the proposed class can be ascertained from the books and records maintained by Cavalry.

42. Because many of the persons who comprise the proposed class may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because

relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and corresponding burden on this and other courts, a class action is far superior to all other methods for the fair and efficient adjudication of the common claims of the proposed class.

## CLAIMS FOR RELIEF

### Violations of the Fair Debt Collection Practices Act

**I.**   **Count One: Filing an Inapplicable Credit Card Agreement as an Exhibit to a Lawsuit Against Ms. Jones in Violation of the FDCPA**

43.   The intentional and knowing actions by Cavalry SPV I, LLC as alleged in ¶¶7-20 and 28-42, *supra,* constitute violations of the Fair Debt Collection Practices Act, which violations of the FDCPA include, but are not limited to:

A.   Violation of 15 U.S.C. § 1692e and e(10) by using false, deceptive, or misleading representations or means in connection with the collection of the debt of Ms. Jones and members of the proposed class by representing to Ms. Jones and to class members that their alleged debts were governed by an agreement or other contract which did not apply to their alleged accounts;

B.   violation of 15 U.S.C. § 1692e(5) by the legal threat Cavalry created in filing lawsuits against Ms. Jones and the members of the proposed Class in which Cavalry represented to Ms. Jones and to class members that their alleged debts were governed by an agreement or other contract which did not apply to their alleged accounts;

C.   violation of 15 U.S.C. § 1692f(1) by Cavalry's use of unfair or unconscionable means by filing lawsuits against Ms. Jones and the members of the proposed Class in which Cavalry represented to Ms. Jones and to class members that their alleged debts were governed by an agreement or other contract which did not apply to their alleged accounts.

**II.**   **Count Two: Filing a Lawsuit Against Ms. Jones to Collect a Debt Outside the Statute of Limitations.**

44.   The acts by Cavalry SPV I, LLC as alleged in ¶¶21-27, *supra,* in filing a lawsuit against Ms. Jones outside of the applicable statute of limitations constitute violations of the Fair

Debt Collection Practices Act, which violations of the FDCPA include, but are not limited to:

A.      Violation of 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the debt of Ms. Jones by filing a lawsuit against Ms. Jones to collect a debt outside the applicable statute of limitations.

## PRAYER FOR RELIEF

45.     **WHEREFORE**, Plaintiff Edith Jones requests the Court grant her relief individually and as proposed class representative of the proposed class action on behalf of the proposed class members as follows:

A.      A declaration by the Court that Cavalry's practice of representing, communicating to consumers, or serving and filing lawsuits against them using inapplicable credit card credit agreements violates the FDCPA;

B.      Issue an injunction enjoining Cavalry from it practice of representing, communicating to consumers, or serving and filing lawsuits against them using inapplicable credit card credit agreements violates the FDCPA;

C.      Award the maximum amount of statutory damages provided under 15 U.S.C. §1692k to Ms. Jones individually as to Counts One and Two, and to the proposed Class as to Count One;

D.      Award actual damages;

E.      Award punitive damages;

F.      Award Plaintiff Jones and members of the proposed class their attorney's fees, litigation expenses and costs;

G.      and such other relief as the Court deems just.

46.     Jones hereby requests a jury trial on all issues and causes of action so triable on behalf of herself individually, and as proposed named plaintiff of the proposed class action on behalf of the proposed class members.

Submitted by:

/s/ James McKenzie_____
**James McKenzie**
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:     (502) 371-2179
Fax:     (502) 257-7309
jmckenzie@jmckenzielaw.com

**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:     (502) 473-6525
Fax:     (502) 473-6561
james@kyconsumerlaw.com